UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:24-cv-11161-BEM

CHARLES WILLIAMS,
VALENCIA WILLIAMS
and their MINOR CHILDREN

        Plaintiffs

v.

TOWN OF HANSON, MA,

MICHAEL MIKSCH, in his official and
Supervisory capacities as the Chief of the
Hanson Police Department.

BRENT PETERSON, individually and in
his official capacities as a police officer
for the Hanson Police Department; and

PAUL O'BRIEN, individually and in
his official capacities as a police officer
for the Hanson Police Department.

        Defendants

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO EXCLUDE THE PLAINTIFFS' PROFFERED EXPERT REPORT**

NOW COME the Defendants, Town of Hanson, Michael Miksch, Brent Peterson, and Paul O'Brien's ("Defendants") and submit the within memorandum in support of their motion for this Honorable Court to exclude the Williams' ("Plaintiffs") proffered Expert Witness Report of Mr. Frank Mancini in its entirety from the summary judgment record.

The report of the Plaintiffs' expert witness, Mr. Frank Mancini, served on the Defendants on June 29th, 2025, should be excluded from the summary judgment record because it was not in

1

compliance with this Court's order issued on July 15, 2025, and was specifically excluded from use by this Court. (Dkt. #61).

## I.      BACKGROUND

Previously, Plaintiffs offered two expert reports by Mr. Frank Mancini, both of which were excluded by this Court. (Dkt. #56). Within this period, Plaintiffs moved to extend their time for expert discovery and disclosure three separate times, two such requests being granted, and the last being denied for failure to show good cause. (Dkt. #56). Thereafter, Plaintiffs offered an expert report by Mr. Mancini which is the same document that the Plaintiffs now attempt to use again, which the Defendants moved to exclude. (Dkt. # 57, 58).

Consequently, this Court ruled that, "Mr. Mancini's report consist[ed] of inadmissible testimony." (Dkt. #61). Furthermore, this Court specified, "Mr. Mancini may not testify as to the underlying facts of the case or weigh the credibility of other witnesses' testimony." (Dkt. #61). Additionally, this Court stated, "[n]or may Mr. Mancini testify as to the law, including whether the elements of a criminal charge were satisfied or whether there was 'probable cause' for an arrest." (Dkt. #61). Therefore, Defendants maintain herein that Mr. Mancini's Expert Report should be excluded from the summary judgment record consistent with this Court's prior ruling. (Dkt. #61).

## II.      ARGUMENT

### A. Mancini's Expert Report Failed to Comply with this Court's Order (Dkt. #61)

"Under Federal Rule of Evidence 702, a district court may properly exclude unreliable, and therefore inadmissible, expert testimony when deciding a motion for summary judgment." *Doucette v. Jacobs*, 106 F.4th 156, 169 (1st Cir. 2024); *See, e.g., Rodriguez v. Hosp. San Cristobal, Inc.*, 91 F.4th 59, 69-72 (1st Cir. 2024). When courts examine whether an expert may

testify or offer evidence, "[they] must ensure that their testimony would be admissible." *Alves v. Mazda Motor of Am., Inc.*, 448 F.Supp. 2d 285, 298 (D. Mass. 2006); *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993) (courts must act as a gatekeeper to "ensure that any and all [expert] testimony or evidence admitted is not only relevant, but reliable"). During this examination, "the district court 'must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable.'" *Doucette*, 106 F.4th at 171; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999); *See also Gonzalez-Arroyo v. Doctors' Ctr. Hosp. Bayamon, Inc.*, 54 F.4th 7, 15 (1st Cir. 2022).

Here, this Court previously ruled, "Mr. Mancini's report consist[ed] of inadmissible testimony." (Dkt. #61). Because this Court already decided that Mr. Mancini's Expert Report consisted of inadmissible testimony, then it may exclude his "expert testimony when deciding a motion for summary judgment." *Doucette*, 106 F.4th at 169; *See, e.g., Rodriguez*, 91 F.4th at 69-72; (Dkt. #61). Furthermore, "'a court may take into account any material that would be admissible or usable at trial…[but] inadmissible evidence may not be considered,'" when examining materials for a motion for summary judgment. *Edv & cad Grp. V. Scopic Software LLC*, 771 F.Supp. 3d 33, 44 (D. Mass. 2025); *Horta v. Sullivan*, 4 F.3d 2, 8 (1st Cir. 1993).

Additionally, "[D]efendants have had to repeatedly invest effort in litigating issues arising from [P]laintiff[s][']  recalcitrance regarding the disclosure of [their] expert[]." *Alves*, 448 F. Supp. 2d at 296; *Gagnon v. Teledyne Princeton, Inc.*, 437 F.3d 188, 198 (1st Cir. 2006). "Moreover, 'prejudice [] exists in their having prepared a dispositive motion for summary judgment predicated on the preclusion of expert testimony.'" *Id*.

Therefore, Mr. Mancini's Expert Report should be excluded from the summary judgment record consistent with this Court's order, for the reasons stated in the Defendants' previous

3

motions to exclude, and its prejudicial effect upon the Defendants. (Dkt. #61); (Dkt. # 57, 58); (Dkt. #50, 51).

## III.   CONCLUSION

For the foregoing reasons, the Defendants respectfully request this Court **EXCLUDE**, the Expert Report of Mr. Frank Mancini, in accordance with this Court's order (Dkt. #61), from the summary judgment record and grant such additional relief as it deems appropriate.

Respectfully submitted,

DEFENDANTS
Town of Hanson, Michael Miksch, Brent Peterson, and Paul O'Brien

By their attorney,

*/s/ Douglas I. Louison*
Douglas I. Louison, Esquire (BBO#545191)
Manuel D. Soza, Esquire (BBO#713907)
Louison, Costello, Condon & Pfaff, LLP
Ten Post Office Square, Suite 1330
Boston, MA 02109
(617) 439-0305
dlouison@lccplaw.com
msoza@lccplaw.com

Date: September 17, 2025

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

Pursuant to Local Rule 7.1(A)(2), counsel for the Defendants, Town of Hanson, Michael Miksch, Brent Peterson, and Paul O'Brien, attempted in good faith to resolve or narrow the issues in this motion. Counsel for the Defendants conferred with Plaintiffs' Counsel, Edward S. Burley, pursuant to Local Rule 7.1(A)(2).

Date:  September 17, 2025          */s/ Douglas I. Louison*
                                   Doug I. Louison

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of September 2025, the foregoing document was served via email to the following:

Edward S. Burley, Esq.
Emancipated Law, P.C.
1 Beacon Street, 15th Floor
Boston MA 02108
ed@emancipatedlaw.com


Date:  September 17, 2025          */s/ Douglas I. Louison*
                                   Douglas I. Louison

5